IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HQ SPECIALTY PHARMA CORP. and WG CRITICAL CARE, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CIPLA LIMITED and CIPLA USA, INC., <br><br> Defendants | C.A. No. 25-1236-MN |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants Cipla Ltd. and Cipla USA, Inc. (collectively, "Cipla" or "Defendants"), respond to each of the numbered paragraphs in the Complaint by Plaintiffs HQ Specialty Pharma Corp. ("HQ Specialty Pharma") and WG Critical Care, LLC ("WG Critical Care") (collectively, "Plaintiffs"), as follows:

**NATURE OF ACTION**

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of Cipla's submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell calcium gluconate in sodium chloride injection, 1000 mg/50mL and 2000 mg/100mL (20mg/mL) single-dose containers prior to the expiration of United States Patent No. 10,130,646 (the "'646 patent" or the "Asserted Patent").

**ANSWER:**

Paragraph 1 of the Complaint contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Cipla admits that Plaintiffs' Complaint purports to assert an action for patent infringement based in part on Cipla's filing of an Abbreviated New Drug Application ("ANDA") seeking approval from the U.S. Food and Drug Administration

("FDA") to manufacture, use, or sale of calcium gluconate in sodium chloride injection for injection, prior to the alleged expiration date of the '646 patent. Cipla is without sufficient information with which to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 1 of the Complaint and therefore denies them.

2. Cipla notified Plaintiffs by letter dated August 25, 2025 ("Cipla's Notice Letter") that it had submitted to the FDA ANDA No. 217891 ("Cipla's ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, and/or sale of Cipla's ANDA Products prior to the expiration of the '646 patent. Plaintiffs received the Notice Letter on or about August 26, 2025.

**ANSWER:**

Cipla admits that Cipla's Notice Letter was dated August 25, 2025, and is a document that speaks for itself. Cipla is without sufficient knowledge or information to form a belief as to the allegations of this paragraph, and therefore denies the same.

## PARTIES

3. Plaintiff HQ Specialty Pharma is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 120 Route 17 North, Suite 130, Paramus, New Jersey 07652.

**ANSWER:**

Cipla is without sufficient knowledge or information to form a belief as to the allegations of this paragraph, and therefore denies the same.

4. Plaintiff WG Critical Care is a limited liability company organized and existing under the laws of the State of New Jersey, having a principal place of business at 120 Route 17 North, Paramus, New Jersey 07652.

**ANSWER:**

Cipla is without sufficient knowledge or information to form a belief as to the allegations of this paragraph, and therefore denies the same.

5. On information and belief, Cipla Ltd. is a corporation organized and existing under the laws of India, with a principal place of business at Cipla House, Peninsula Business Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai 400013, India.

**ANSWER:**

    Admitted.

6. On information and belief, Cipla USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 10 Independence Blvd., Suite 300, Warren, NJ 07059.

**ANSWER:**

    Admitted.

7. On information and belief, Cipla USA, Inc. is, directly and/or indirectly, a wholly owned subsidiary of Cipla Limited.

**ANSWER:**

    Admitted.

8. On information and belief, each of Cipla Ltd. and Cipla USA, Inc. is in the business of, *inter alia*, directly, or indirectly, developing, manufacturing, marketing, distributing, selling, offering for sale, and/or importing generic versions of branded pharmaceutical products throughout the world, including the United States and the State of Delaware, either individually or in cooperation.

**ANSWER:**

    Admitted.

## JURISDICTION AND VENUE

9. Jurisdiction and venue are proper in this District pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, 1391, and 1400(b).

**ANSWER:**

    This paragraph contains legal conclusions to which no response is required. To the extent an answer is required, for purposes of this action only, Cipla does not contest subject matter jurisdiction, personal jurisdiction, or venue in this Court.

10. This Court has personal jurisdiction over Cipla Limited under Federal Rule of Civil Procedure 4(k)(2) because, upon information and belief, Cipla Limited is organized under the laws of India and the exercise of personal jurisdiction over Cipla Limited in any judicial district is consistent with the United States Constitution and laws.

**ANSWER:**

This paragraph contains legal conclusions to which no response is required. To the extent an answer is required, for purposes of this action only, Cipla does not contest personal jurisdiction in this Court.

11. This Court has personal jurisdiction over Cipla USA, Inc. because Cipla USA, Inc. is a corporation organized and existing under Delaware law.

**ANSWER:**

This paragraph contains legal conclusions to which no response is required. To the extent an answer is required, for purposes of this action only, Cipla does not contest personal jurisdiction in this Court.

12. Cipla has previously used the process contemplated by the Drug Price Competition and Patent Term Restoration Act of 1984, 21 U.S.C. § 355(j) (the "Hatch-Waxman Act"), to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

**ANSWER:**

This paragraph contains legal conclusions to which no response is required. To the extent an answer is required, Cipla denies the remaining allegations of this paragraph.

13. Upon information and belief, Cipla, with knowledge of the Hatch-Waxman Act process, directed Cipla's Notice Letter to Plaintiffs, and alleged in Cipla's Notice Letter that the '646 patent is not infringed. Upon information and belief, Cipla knowingly and deliberately challenged Plaintiffs' patent rights, and knew when it did so that it was committing an act of artificial infringement pursuant to 35 U.S.C. § 271(e)(2)(A) and providing the basis for Plaintiffs to bring an action for patent infringement under the Hatch-Waxman Act.

**ANSWER:**

Cipla admits that Cipla's Notice Letter is a document that speaks for itself. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent an answer is required, Cipla denies the remaining allegations of this paragraph.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400(b) because Cipla USA, Inc. is incorporated in the State of Delaware and therefore resides in this judicial district, and Cipla Limited is a foreign entity who may be sued in any judicial district, including Delaware.

**ANSWER:**

This paragraph contains legal conclusions to which no response is required. To the extent an answer is required, for purposes of this action only, Cipla does not contest venue in this Court.

## BACKGROUND

15. On October 29, 2018, Plaintiff HQ Specialty Pharma received FDA approval for its NDA 210906. NDA 210906 covers ready-to-use calcium gluconate in sodium chloride solution in bags for intravenous administration.

**ANSWER:**

Cipla is without sufficient knowledge or information to form a belief as to the allegations of this paragraph, and therefore denies the same.

16. Plaintiffs' calcium gluconate in sodium chloride injection is a solution indicated for the treatment of acute symptomatic hypocalcemia. It is provided in a ready-to-use flexible plastic bag that is terminally sterilized and ready to be administered intravenously without dilution.

**ANSWER:**

Admitted.

17. The '646 patent, entitled "Calcium Gluconate Solutions in Flexible Containers" (Exhibit A hereto), was duly and legally issued on November 20, 2018, to HQ Specialty Pharma as assignee. HQ Specialty Pharma is the owner and assignee of the '646 patent. Plaintiffs' calcium gluconate in sodium chloride solution is covered by one or more claims of the '646 patent, and HQ Specialty Pharma has caused the '646 patent to be listed in connection with calcium gluconate in sodium chloride solutions in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations, also known as the "Orange Book."

**ANSWER:**

Cipla admits the '646 patent is entitled "Calcium Gluconate Solutions in Flexible Containers" and that the '646 patent and the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations are documents that speak for themselves. Cipla admits that the Complaint purports to attach a copy of the '646 patent as Exhibit A and that it states on its face that it was issued on November 20, 2018. Cipla denies that the '646 patent was duly and legally issued.

18. The '646 patent has one independent claim. Independent claim 1 of the '646 patent states:
> 1. A terminally sterilized aqueous calcium gluconate solution comprising:
> sodium chloride; and
> 1 to 15 wt. % calcium gluconate and from 1 to 19 wt. parts of calcium saccharate per 100 wt. parts of calcium gluconate packaged in a flexible plastic container with the remainder water,
> Wherein the flexible plastic container is a bag, and
> the solution has a pH of from 6 to 8.2.

**ANSWER:**

Admitted.

19. WG Critical Care has an exclusive license from HQ Specialty Pharma to sell products covered by the Asserted Patent in the United States. WG Critical Care also has the right to enforce the Asserted Patent. WG Critical Care is responsible for the marketing and sale of HQ Specialty Pharma's calcium gluconate in sodium chloride solution in the United States.

**ANSWER:**

Cipla is without sufficient knowledge or information to form a belief as to the remaining allegations of this paragraph, and therefore denies the same.

20. HQ Specialty Pharma retains all other right, title, and interest in the '646 patent.

**ANSWER:**

Cipla is without sufficient knowledge or information to form a belief as to the remaining allegations of this paragraph, and therefore denies the same.

### FRESENIUS USA'S CALCIUM GLUCONATE BAG PRODUCT

21. On December 17, 2020, Fresenius Kabi USA, LLC ("Fresenius USA") submitted its supplemental NDA ("sNDA") for calcium gluconate in sodium chloride injection solution in

Freeflex bags to the FDA. Prior to December 2020, Fresenius USA sold calcium gluconate but only in a vial form.

**ANSWER:**

Cipla is without sufficient knowledge or information to form a belief as to the allegations of this paragraph, and therefore denies the same.

22. On June 17, 2021, Fresenius USA received FDA approval for its ANDA 208418/S007 for calcium gluconate in sodium chloride injection (the "Approved Fresenius Product"), and Fresenius USA is therefore now permitted by the FDA to sell the Approved Fresenius Product in the United States.

**ANSWER:**

Cipla is without sufficient knowledge or information to form a belief as to the allegations of this paragraph, and therefore denies the same.

23. The approved package insert for Fresenius USA's sNDA product (Exhibit B hereto) is substantially identical in all respects relevant to the Asserted Patent to the approved package insert for calcium gluconate in sodium chloride injection sold by WG Critical Care.

**ANSWER:**

Cipla is without sufficient knowledge or information to form a belief as to the allegations of this paragraph, and therefore denies the same.

24. The Approved Fresenius Product as described in Fresenius USA's approved labeling meets each and every limitation of claims 1, 2 and 3 of the '646 patent because, *inter alia*, it is a terminally sterilized aqueous calcium gluconate solution including sodium chloride with the required amount of calcium gluconate and calcium saccharate in a flexible plastic container that is a bag and is within the required pH range, has 6.75 mg/ml of sodium chloride and a shelf life of at least about 24 months.

**ANSWER:**

This paragraph contains legal conclusions to which no response is required. To the extent an answer is required, Cipla is without sufficient knowledge or information to form a belief as to the allegations of this paragraph, and therefore denies the same.

25. On December 3, 2021, Plaintiffs filed suit against Fresenius USA for infringement of the '646 patent. C.A. No. 21-1714-MN (D. Del.), D.I. 1. That lawsuit proceeded to a jury trial that was held from August 26, 2024, to August 30, 2024. *See* C.A. No. 21-1714-MN (D. Del.), D.I. 285–289.

**ANSWER:**

   Cipla is without sufficient knowledge or information to form a belief as to the allegations of this paragraph, and therefore denies the same.

26. On August 1, 2025, the court entered a Final Judgment against Fresenius USA, finding that Fresenius USA's sNDA product directly infringes claims 1, 2 and 3 of the '646 patent and that the '646 patent was not invalid and not unenforceable. C.A. No. 21-1714-MN (D. Del.), D.I. 329 at 2.

**ANSWER:**

   Cipla is without sufficient knowledge or information to form a belief as to the allegations of this paragraph, and therefore denies the same.

27. Pursuant to the Court's order in that case (D.I. 327), Fresenius USA submitted the '646 patent for listing in the Orange Book entry associated with NDA 208418 on August 22, 2025.

**ANSWER:**

   Cipla is without sufficient knowledge or information to form a belief as to the allegations of this paragraph, and therefore denies the same.

### CIPLA'S ANDA CALCIUM GLUCONATE BAG PRODUCT

28. In Cipla's Notice Letter, Cipla notified Plaintiffs of the submission of Cipla's ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Products prior to the expiration of the '646 patent.

**ANSWER:**

   Admitted.

29. In Cipla's Notice Letter, it also notified Plaintiffs that, as part of its ANDA, Cipla had filed certifications of the type described in Section 505(j)(2)(A)(vii) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii), with respect to the '646 patent. On information and belief, Cipla submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '646 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Products.

**ANSWER:**

 Admitted.

30. According to Cipla's Notice Letter, Cipla's ANDA Products are calcium gluconate in sodium chloride (1 g/50 mL and 2 g/100 mL) solutions, and Cipla's ANDA identifies the Approved Fresenius Product as the refence listed drug (RLD).

**ANSWER:**

 Admitted.

31. By submitting Cipla's ANDA, Cipla has necessarily represented to the FDA that Cipla's ANDA Products have the same active ingredient as the Approved Fresenius Product, have the same dosage form, route of administration, and strength as the Approved Fresenius Product, and are bioequivalent to the Approved Fresenius Product.

**ANSWER:**

 Admitted.

32. Cipla's ANDA Products satisfy literally and/or under the doctrine of equivalents each of the limitations of claims 1-3 of the '646 patent. Cipla's Notice Letter did not contest that Cipla's ANDA Products literally and/or by equivalents satisfy the limitations of claims 1-3 of the '646 patent.

**ANSWER:**

 Denied.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 10,130,646
### UNDER 35 U.S.C. §§ 271(a), (b), AND (c)

33. Plaintiffs incorporate each of the preceding paragraphs 1-32 as if fully set forth herein.

**ANSWER:**

 Cipla incorporates its answers to paragraphs 1-32 as if fully set forth herein.

34. Cipla's ANDA Products are covered by claims 1-3 of the '646 patent.

**ANSWER:**

 Denied.

9

35. The manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla's ANDA Products infringe one or more claims of the '646 patent, either literally or under the doctrine of equivalents under 35 U.S.C. §§ 271(a), (b), and/or (c).

**ANSWER:**

 Denied.

36. Cipla's submission of Cipla's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Products before the expiration of the '646 patent was an act of infringement of the '646 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**

 Denied.

37. Upon information and belief, Cipla will engage in the manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Products immediately and imminently upon approval of its ANDA.

**ANSWER:**

 Denied.

38. The manufacture, use, sale, offer for sale, and/or importation of Cipla's ANDA Products would infringe, literally and/or under the doctrine of equivalents, claims 1-3 of the '646 patent.

**ANSWER:**

 Denied.

39. The manufacture, use, offer for sale, sale, marketing, distribution and/or importation of Cipla's ANDA Products in accordance with and as directed by Cipla's proposed labeling for that product will infringe claims 1-3 of the '646 patent.

**ANSWER:**

 Denied.

40. The manufacture, use, sale, offer for sale, or importation of Cipla's ANDA Products in accordance with and as directed by Cipla's proposed labeling for that product will infringe claims 1-3 of the '646 patent under 35 U.S.C. § 271(a).

**ANSWER:**

>Denied.

41. Upon information and belief, Cipla plans and intends to, and will, actively induce infringement of claims 1-3 of the '646 patent under 35 U.S.C. § 271(b). Cipla's activities are being done, and will continue being done, with knowledge of the '646 patent and specific intent to infringe that patent.

**ANSWER:**

>Denied.

42. Upon information and belief, Cipla knows that Cipla's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '646 patent, are not staple articles or commodities of commerce, and that Cipla's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. Upon information and belief, Cipla plans and intends to, and will, contribute to infringement of the '646 patent under 35 U.S.C. § 271(c).

**ANSWER:**

>Denied.

43. Upon information and belief, Cipla has already or will, without authority, import into the United States and/or offer to sell, sell, and/or use within the United States, a product that infringes one or more claims of the '646 patent, and contributes to the infringement by others of the '646 patent under 35 U.S.C. § 271(c).

**ANSWER:**

>Denied.

44. The foregoing actions by Cipla constitute and/or will constitute infringement of the '646 patent, active inducement of infringement of the '646 patent, and contribution to the infringement by others of the '646 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

**ANSWER:**

>Denied.

45. Upon information and belief, Cipla has acted with full knowledge of the '646 patent and without reasonable basis for believing that it would not be liable for infringing the '646 patent, actively inducing infringement of the '646 patent, and contributing to the infringement by others of the '646 patent.

**ANSWER:**

>Denied.

46. Plaintiffs will be substantially and irreparably damaged by infringement of the '646 patent.

**ANSWER:**

    Denied.

47. Unless Cipla is enjoined from infringing the '646 patent, actively inducing infringement of the '646 patent, and contributing to the infringement by others of the '646 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER:**

    Denied.

### COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 10,130,646

48. Plaintiffs incorporate each of the preceding paragraphs 1-47 as if fully set forth herein.

**ANSWER:**

    Cipla incorporates its answers to paragraphs 1-47 as if fully set forth herein.

49. Cipla has knowledge of the '646 patent.

**ANSWER:**

    Admitted.

50. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs and Cipla regarding Cipla's infringement, active inducement of infringement, contribution to the infringement by others, and willful infringement of the '646 patent, and/or validity or the '646 patent.

**ANSWER:**

    This paragraph contains legal conclusions to which no response is required. To the extent an answer is required, Cipla denies the remaining allegations of this paragraph.

51. Cipla's ANDA Products and the use of the Cipla's ANDA Products are covered by claims 1-3 of the '646 patent.

**ANSWER:**

    Denied.

52. The manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla's ANDA Products infringes one or more claims of the '646 patent, including, but not limited to claim 1, either literally or under the doctrine of equivalents.

**ANSWER:**

    Denied.

53. Upon information and belief, Cipla plans and intends to, and will, engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla's ANDA Products with their proposed labeling.

**ANSWER:**

    Admitted.

54. The manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla's ANDA Products in accordance with and as directed by Cipla's proposed labeling for that product will infringe one or more of the claims of the '646 patent, including, but not limited to claim 1.

**ANSWER:**

    Denied.

55. Upon information and belief, Cipla plans and intends to, and will, actively induce infringement of the '646 patent. Cipla's activities will be done with knowledge of the '646 patent and specific intent to infringe that patent.

**ANSWER:**

    Denied.

56. Upon information and belief, Cipla knows that Cipla's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '646 patent, are not staple articles or commodities of commerce, and that Cipla's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. Upon information and belief, Cipla plans and intends to, and will, contribute to infringement of the '646 patent.

**ANSWER:**

    Denied.

57. Upon information and belief, Cipla will, without authority, import into the United States and/or offer to sell, sell, and/or use within the United States, a product that infringes one or more claims of the '646 patent prior to the expiration of the patent.

Case 1:25-cv-01236-MN     Document 10     Filed 12/08/25     Page 14 of 16 PageID #: 60

**ANSWER:**

      Denied.

58. The foregoing actions by Cipla constitute and/or will constitute infringement of the '646 patent, active inducement of infringement of the '646 patent, and contribution to the infringement by others of the '646 patent.

**ANSWER:**

      Denied.

59. Upon information and belief, Cipla acted without a reasonable basis for believing that it would not be liable for infringing the '646 patent, actively inducing infringement of the '646 patent, and contributing to the infringement by others of the '646 patent.

**ANSWER:**

      Denied.

60. Plaintiffs will be substantially and irreparably damaged by infringement of the '646 patent.

**ANSWER:**

      Denied.

61. Unless Cipla is enjoined from infringing the '646 patent, actively inducing infringement of the '646 patent and contributing to the infringement by others of the '646 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER:**

      Denied.

62. The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Cipla's ANDA Products in accordance with and as directed by Cipla's proposed labeling for those products, or any other Cipla product that is covered by or whose use is covered by the '646 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '646 patent.

**ANSWER:**

      Denied.

## CIPLA'S SEPARATE DEFENSES

Without prejudice to the admissions and denials set forth in its Answer, and without admitting any allegations of the Complaint not expressly admitted, Cipla asserts the following separate defenses to the Complaint without assuming the burden of proof on any such defense that would otherwise rest with Plaintiffs.

### FIRST SEPARATE DEFENSE

**(Non-infringement of the '646 Patent)**

Cipla has not infringed, is not infringing, and will not infringe any valid claim of the '646 patent.

### SECOND SEPARATE DEFENSE

**(Invalidity of the '646 Patent)**

Each and every claim of the '646 patent is invalid for failure to comply with at least 35 U.S.C. §§ 101, 102, 103 and/or 112.

### THIRD SEPARATE DEFENSE

**(Failure to State a Claim)**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### FOURTH SEPARATE DEFENSE

**(Additional Defenses)**

Cipla reserves the right to present any additional defenses or counterclaims that discovery may reveal.

## CIPLA'S PRAYER FOR RELIEF

Cipla respectfully request that this Court enter judgment in its favor and against Plaintiffs as follows:

A. Dismissing the Complaint with prejudice, denying each and every request for relief in Items (A) to (F) of Plaintiffs' Request for Relief, and that Plaintiffs take nothing thereby;

B. Finding that each and every claim of the '646 patent is invalid;

C. Finding that each and every claim of the '646 patent was not, is not, and will not be infringed by Cipla;

D. Declaring that Plaintiffs are not entitled to any injunctive remedy for any claim of the '646 patent;

E. Awarding Cipla its costs and expenses in this action;

F. Declaring that this case is exceptional under 35 U.S.C. § 285, and awarding to Cipla its reasonable attorneys' fees; and

G. Awarding to Cipla such further relief this Court may deem just, proper, or equitable.

Dated: December 8, 2025

**SMITH KATZENSTEIN & JENKINS LLP**

*Of Counsel:*

Stuart Sender
**WINDELS MARX LANE & MITTENDORF LLC**
One Giralda Farms
Madison, NJ 07940
(973) 966-3200

ssender@windelsmarx.com

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Cipla Limited and Cipla USA, Inc.*