IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HQ SPECIALTY PHARMA CORP. and<br>WG CRITICAL CARE, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-1227 (MN) |
| | ) | **ANDA CASE** |
| SAGENT PHARMACEUTICALS (INC.), | ) | |
| | ) | |
| Defendant. | ) | |
| HQ SPECIALTY PHARMA CORP. and<br>WG CRITICAL CARE, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-1236 (MN) |
| | ) | **ANDA CASE** |
| CIPLA LTD. and CIPLA USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Disclosure and discovery in the above-captioned matters ("Actions") may involve the production of certain confidential, proprietary, or private documents, things, and information (including electronically stored information) in the possession, custody, or control of a party or a non-party that constitute or contain trade secrets or other confidential research, development, manufacture, regulatory, financial, marketing, or other competitive information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure or contain information involving privacy interests of individuals for which special protection from public disclosure and from use for any purpose other than prosecuting and defending the Action may be warranted. Accordingly, Plaintiffs, HQ Specialty Pharma Corp. ("HQ Specialty Pharma") and WG Critical Care, LLC ("WG Critical Care," and collectively with HQ Specialty Pharma, "Plaintiffs"), and

Defendants Sagent Pharmaceuticals (Inc.) ("Sagent") and Cipla Ltd. and Cipla USA, Inc. ("Cipla") (collectively "Defendants"), have in good faith conferred and hereby stipulate to the entry of the following Protective Order:

1.     **Scope of Protective Order.**  This Protective Order shall apply to all information, documents and things produced or within the scope of discovery in these Actions, including, without limitation, all testimony adduced at depositions, documents or things produced in response to requests for the production of documents and things, written discovery, answers to interrogatories, responses to requests for admission and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as hearing or trial transcripts, matters in evidence, and any other information furnished, directly or indirectly, by or on behalf of any party to these Actions or any Third Party to the extent such material is designated "Confidential Information" in accordance with paragraph 2 of this Protective Order.  This Protective Order shall also govern any designated record of information produced in these Actions pursuant to required disclosures under any procedural rule or District of Delaware Local Rule, and any supplementary disclosures thereto.

2.     **Definitions.**

a.     "Producing Party" means a party or Third Party producing Confidential Information under this Protective Order.

b.     "Receiving Party" means a party or Third Party receiving Confidential Information under this Protective Order.

c.     "Confidential Information" means all information, in any form, that constitutes a "trade secret or other confidential research, development or commercial information" within the meaning of Fed. R. Civ. P. 26(c)(1) and includes, without limitation, all information that is not generally known to public or to competitors and that

relates to product research, product development, product manufacturing, financial performance (whether historical or future), marketing, sources of supply, business relationship with third parties, market analysis, or strategic planning.

        d.     "Third Party" or "Third Parties" means any person or entity who is not a named party in these Actions.

        e.     "Calcium Gluconate in Sodium Chloride Products" refers to any formulation that contains calcium gluconate in sodium chloride.

        f.     "Calcium Gluconate Products" refers to any formulation that contains calcium gluconate.

3.     **Third Parties Under the Protective Order**.  If a Third Party provides discovery to any party in connection with these Actions, and if the Third Party so elects, then the provisions of this Protective Order shall apply to such discovery, and the parties will treat all information that is produced by such Third Party in accordance with the terms of this Protective Order to the extent it is designated as Confidential.  Under such circumstances, the Third Party shall have the same rights and obligations under this Protective Order as held by the parties to these Actions.  Because Third Parties may be requested to produce documents containing information that a party considers Confidential Information, at the request of any party all documents produced by a Third Party in these Actions shall be designated Confidential hereunder to the extent permitted for a party's own documents as provided herein.

4.     **Designation**.  Each party shall have the right to designate as "Confidential" any information that is Confidential Information as defined in paragraph 2(c), in accordance with the terms of this Protective Order.  The designation of information as "Confidential" by the Producing Party constitutes a representation of that party that it reasonably and in good faith believes that the

3

designated material constitutes Confidential Information.  To the extent that material is designated Confidential, such material shall only be revealed to or used by limited categories of individuals, as provided for herein, and shall not be communicated in any manner, either directly or indirectly, to any person or entity except as provided herein.  Any copies of such material, abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed Confidential, and the same terms regarding confidentiality of these materials shall apply as apply to the originals.  The procedures for designating materials as Confidential are as follows:

      a.      **Designation of Documents and Things**.  The parties and any Third Parties may designate as "Confidential" a document or thing that constitutes or contains Confidential Information by labeling or marking each page of that document with the legend "**CONFIDENTIAL**," or by otherwise marking or designating in writing the materials as Confidential and subject to the Protective Order at the time such document or thing is produced to the Receiving Party.  Anything that cannot be so marked shall be designated Confidential by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto.  Each page of each document and each thing produced pursuant to discovery in these Actions shall also bear a unique identifying number.

      Documents and things produced without a legend designating the material Confidential shall not be subject to this Protective Order unless otherwise agreed by the parties, ordered by the Court, or designated Confidential in accordance with the provision of paragraph 9 of this Protective Order (addressing inadvertent production).  Inspection of documents or things by any party shall be conducted only by persons eligible to receive

Confidential Information under this Protective Order. Such persons shall treat all information obtained during or from any inspection as though it were designated Confidential until such time as copies of documents or things from the inspection are produced, and, thereafter, such produced documents and things shall be treated in accordance with any confidentiality designation appearing on the document or thing at the time of its production.

A Producing Party may redact Confidential Information in a document or thing if that information is not relevant to the subject of this litigation or is subject to the attorney-client privilege or attorney work product protections. Any such redaction, regardless of size, shall be clearly labeled as redacted for relevance or for privilege. This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information, in accordance with paragraph 26 below. All documents redacted based on attorney-client privilege or work-product immunity shall be listed on a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5) and exchanged at a mutually agreeable date and time.

b.    **Designation of Interrogatories, Requests for Production, Requests for Admission and Written Testimony**. Any response to written discovery or any testimony adduced at a deposition upon written questions (or any portion of any of the foregoing) that constitutes or contains Confidential Information, may be designated "Confidential" by the party providing the response or testimony as follows: (i) the specific pages or portions of pages containing Confidential Information shall be marked with the legend "**CONFIDENTIAL**", and (ii) the first page of that document near the caption shall be marked with the legend "**CONFIDENTIAL**." Responses or testimony served without

5

these legends shall not be treated as Confidential subject to this Protective Order unless otherwise agreed by the parties or ordered by the Court, or designated Confidential in accordance with the provisions of paragraph 9 of this Protective Order (addressing inadvertent production).

      c.      **Designation of Deposition Transcripts**.  Deposition transcripts containing Confidential Information may be designated Confidential in accordance with this Protective Order either (1) on the record during the deposition, or (2) by providing written notice within 60 days of the date on which the deposition occurred.

All deposition transcripts not previously designated Confidential during the deposition shall be treated as Confidential under this Order for a period of 60 days from the date on which the deposition occurred, unless otherwise agreed to by the parties.  After 60 days, deposition transcripts shall no longer be treated as Confidential unless one of the parties participating in the deposition has designated all or a portion of the testimony Confidential, or as otherwise agreed to by the parties.  The parties agree to mark at least the first page of all copies of deposition transcripts that contain testimony, or that append exhibits, designated as Confidential with the legend "**CONFIDENTIAL**," and to provide each other notice of which portions of the deposition transcript contain Confidential Information.  This paragraph does not limit any party's right to challenge any presumptive designation or preclude a Producing Party from designating testimony or transcripts as Confidential Information.

      d.      **Designation of Hearing Testimony or Argument**.  With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of Confidential

Information, counsel may designate on the record prior to such disclosure that the disclosure shall be deemed Confidential under the terms of this Protective Order. Whenever matter designated Confidential is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

5.    **Limitations on Attendance at Depositions**.  Counsel for a Producing Party may request that all persons other than those individuals expressly permitted access to Confidential Information under this Protective Order leave the deposition room during the portion of the deposition that inquires about or discloses subject matter that counsel for the Producing Party believes to constitute Confidential Information.  If individuals other than those specified in the previous sentence fail to leave the deposition room during any portion of the deposition that inquires about or discloses what counsel for the Producing Party believes to constitute Confidential Information, counsel for the Producing Party may seek relief from the appropriate Court and, pending resolution of its request for relief, instruct the witness not to answer questions relating to, or limit disclosure of, the Confidential Information at issue.

6.    **Limitations on Attendance at Hearings or Trial**.  Counsel shall confer with each other and with the Court regarding procedures to protect the confidentiality of any material marked, labeled, or otherwise designated Confidential that a party or any of its witnesses may use, refer to, disclose, or admit into evidence during trial or any hearing in these Actions.  Unless the Court orders otherwise, attendance at a hearing or at a trial session in these Actions at which material designated Confidential will be used or disclosed shall be limited for the time period

during which Confidential Information will be used or disclosed to individuals entitled to have access to such materials under the terms of this Protective Order.

7.    **Use and Disclosure of Designated Information**. Subject to the limitations and restrictions of this Protective Order and any further order regarding confidentiality that the Court may enter, material marked, labeled, or otherwise designated Confidential as described in this Protective Order may be used to prepare for and conduct discovery, to prepare for trial, and to support or oppose any motion or other filing in these Actions, and may be used in testimony at trial, offered into evidence at trial and/or hearings on motions subject to such procedures mandated by the Court.  Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial.

Material designated Confidential, and all information derived therefrom, shall be used only by persons permitted access to such information under this Protective Order, shall not be disclosed by the Receiving Parties to any party or person not entitled under this Protective Order to have access to such material, and shall not be used by the Receiving Parties for any purpose other than in connection with these Actions, including without limitation for any research, development, manufacture, patent prosecution, financial, commercial, marketing, regulatory, business, or other competitive purpose (except for settlement of the above-captioned cases).  Absent written consent of the Producing Parties or further order of this Court, all persons receiving information designated Confidential are expressly prohibited from using or disclosing such information in connection with any practice before or communication with the United States Patent and Trademark Office or the Patent Trial and Appeal Board, with the FDA (including Citizen Petitions), the United States Pharmacopoeia, or their counterpart organizations in any foreign jurisdiction, and are expressly

prohibited from disclosing such information in connection with any civil action other than the above-captioned Action.

8.      **Storage of Designated Information**. The recipient of any information designated as Confidential shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his/her/its own confidential and/or proprietary information.

9.      **Inadvertent Production of Confidential Information**. If a party inadvertently fails to designate information as Confidential at the time of oral disclosure or production without labeling or marking it as provided in this Protective Order, the Producing Party may give written notice to the Receiving Party or parties, within ten business days after becoming aware of the inadvertent production, that the information should be treated as Confidential in accordance with the provisions of this Protective Order.  The Producing Party will provide copies of the properly marked information (e.g., documents, discovery responses, transcripts, things, and/or all other information within the scope of this Protective Order).  Upon receipt of such notice and properly marked information, the Receiving Party or parties shall return or destroy said unmarked or incorrectly marked information to the extent practicable and not retain copies thereof, and shall undertake a best effort to correct any disclosure of such information contrary to the redesignation. Prior to receipt of such notice, disclosure of such documents, things, information, responses and testimony to persons not authorized to receive Confidential Information shall not be deemed a violation of this Protective Order.

10.     **Limitations on Advice to Clients**. It is understood that counsel for a Receiving Party may give advice and opinions to his or her client based on his or her evaluation of designated

Confidential Information received from a Producing Party, provided that (a) such rendering of advice and opinions shall not reveal the content of Confidential Information, other than in summary form, except by prior written agreement with counsel for the Producing Party or as otherwise set forth in this Protective Order; and (b) any subsequent use and/or disclosure of designated Confidential information pursuant to subjection (a) above further complies with the restrictions set forth in paragraph 7 of this Protective Order.

11.    **Inadvertent Production of Privileged or Work Product Information**. Notwithstanding anything to the contrary in Fed. R. Civ. P. 26(b)(5)(B) or in any other provision of this Protective Order, the inadvertent production or disclosure of any document or tangible thing (including information) that is subject to a claim of attorney-client privilege or work-product immunity, or other privilege or immunity, shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of attorney-client privilege, work-product immunity, or other privilege or immunity. In such an event, the Producing Party shall send to each Receiving Party a written request for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after becoming aware of such inadvertent or mistaken production.  Within five business days of receiving a written request to do so from the Producing Party, the Receiving Party shall (a) return to the Producing Party any documents or tangible items that the Producing Party represents are covered by a claim of attorney-client privilege or work-product immunity, or other privilege or immunity, and were inadvertently or mistakenly produced and (b) destroy any copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information, including any electronic records thereof.  The Receiving Party shall not utilize the information contained in the inadvertently produced documents or things for

any purpose, or disseminate or transmit such information, after receiving written notice that it is subject to a claim of attorney-client privilege or work-product immunity.

12.    If the Receiving Party wishes to contest that any such document or thing is protected from disclosure by the attorney-client privilege, work product immunity or other privilege or immunity from discovery, it shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party ("Notice of Designation").

13.    Within five business days after receiving a Notice of Designation, the Producing Party shall provide to the Receiving Party for each document or thing a description of the basis for the claim of privilege or immunity.

14.    Within five business days after receiving such description, the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed, in accordance with the procedures set forth in the Court's Scheduling Order for resolution of discovery disputes.  The party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists.

15.    With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work-product immunity, or if the Receiving Party does not seek relief from the Court to compel production of the inadvertent production, or if the Court rejects any challenge by the Receiving Party to the privileged status of the inadvertent production, the Receiving Party shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

16.     If, in a deposition, hearing, or other proceeding the party who made the inadvertent production or disclosure makes a request on or off the record for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after recognizing that the information has been produced or disclosed, all copies of the inadvertently produced or disclosed document or thing present at the deposition, hearing, or other proceeding shall immediately be sequestered and there shall be no further use of the inadvertently produced or disclosed document or thing.  For the avoidance of any dispute, the marking of an inadvertently produced or disclosed document or thing as an exhibit at deposition, hearing, or other proceeding has no bearing on the timeliness of the request for return.

17.     The procedures set forth in paragraphs 12–16 for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity.

18.     **Access to and Disclosure of Confidential Information**.  Except as otherwise provided in this Protective Order, access to and disclosure of material marked, labeled, or otherwise designated Confidential as described in this Protective Order shall be made only to the following individuals:

    a.     Outside trial counsel or outside attorneys of record for the parties in these Actions, including, but not limited to, such attorneys' partners, associates, staff and contract attorneys, and their authorized secretarial, paralegal, clerical, and legal-assistant staff whose duties and responsibilities require access to material designated Confidential.

    b.     Two in-house legal or intellectual property personnel for each party (and his/her secretarial support staff) (i.e., two in-house legal or intellectual property personnel from Plaintiffs collectively, two from Sagent, and two from Cipla), who is actively

responsible for either (a) directing the management and conduct of these Actions or (b) providing a party with legal advice with respect to these Actions, provided that the in-house designee first agree to be bound by the terms of this Protective Order by executing a copy of the attached Exhibit A.  A party (i.e., Plaintiffs, Sagent, and Cipla) may select its in-house designees from among its parent or subsidiary entities.  In-house designees shall be permitted to advise their clients regarding legal strategy and the pending Action; provided, however, that material designated as Confidential Information under this Protective Order is not thereby disclosed except to the extent permitted by Paragraph 10.

      c.      Outside consultants or experts and their staffs retained by the parties or their attorneys for purposes of these Actions, who first agree to be bound by the terms of this Protective Order by executing a copy of the attached Exhibit A, in accordance with paragraph 20, and who are not objected to pursuant to paragraph 21.

      d.      The Court before which these Actions is pending and their authorized staff.

      e.      Court reporters, videographers, and their respective staffs employed in connection with these Actions.

      f.      Any interpreter or translation service retained to assist outside counsel of record, and any typist or transcriber used thereby, who either first executes a copy of the Confidentiality Undertaking attached as Exhibit A or has made suitable arrangements with the party that has retained such an individual to preserve the confidentiality of the Confidential Information.

      g.      Non-parties specifically retained to assist outside counsel of record with copying and computer services necessary for document handling, jury consultation, mock jury or bench trial exercises, other litigation support personnel (e.g., graphic designers and

animators, database entry personnel), and other third-party vendors, subject to the limitations of paragraph 22; and

        h.      Any other person as to whom the parties agree in writing.

No party shall disclose any material designated Confidential by a Producing Party to another party without the consent of the Producing Party or by order of the Court, <u>provided</u> <u>however</u>, that any party shall be permitted to disclose in any trial, hearing, pleading, discovery response, deposition, or expert report that is properly designated as "Confidential" pursuant to this Order any material designated Confidential by any Producing Party. Notwithstanding anything in this paragraph, no party shall disclose to a fact witness of one party, during his or her deposition, any material designated Confidential by another party.

19.     The individuals specified in paragraphs 18(a) – 18(b) who have received access to information designated Confidential by any party other than his or her client/employer shall not thereafter prosecute any patent application (including both foreign and U.S.) that covers Calcium Gluconate Products and/or Calcium Gluconate in Sodium Chloride Products (including without limitation compositions, methods, distribution methods, uses, or processes) for the length of these Actions. For the avoidance of doubt, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope of the patent-in-suit, a continuation, a divisional, a continuation-in-part, a reissue patent, or a patent application that covers Calcium Gluconate Products and/or Calcium Gluconate in Sodium Chloride Products, including through the use of any post-grant proceedings such as *Inter Partes* Review, *Ex Parte* Reexamination, Covered Business Method Review, or related appeals that involve "prosecution" as set forth above. Nothing herein shall prohibit an individual from participating, supervising, or assisting with (1) the practice before or communication with the United States Patent and Trademark Office with respect

to an *Inter Partes* Review, post grant review, or reissue or reexamination proceeding relating to Calcium Gluconate Products and/or Calcium Gluconate in Sodium Chloride Products, or (2) pre- or post-grant opposition proceedings or invalidation request proceedings before a foreign patent office or court related to Calcium Gluconate Products and/or Calcium Gluconate in Sodium Chloride Products, so long as that individual does not participate in drafting any claim amendments.

20.     **Identification of Experts and Consultants**. If any party desires to disclose information designated Confidential (other than its own Confidential Information) to any expert or consultant pursuant to paragraph 18 of this Protective Order, it must first identify in writing (which can be by email) to the attorneys for the Producing Party each such expert or consultant. The identification of an expert or consultant pursuant to this paragraph shall include (i) the full name and professional address and/or affiliation of the proposed expert or consultant, (ii) an up-to-date curriculum vitae, (iii) any prior or current employments or consultancies for any party or other company in the pharmaceutical industry within the last five years that is in any way related to the research, synthesis, or development of any Calcium Gluconate Products and/or Calcium Gluconate in Sodium Chloride Products (except those engagements that are protected from disclosure pursuant to Fed. R. Civ. P. 26 or where the fact of the engagement itself is protected from disclosure by a confidentiality agreement), including a list of the cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within the last 4 years, and (iv) an executed copy of the Confidentiality Undertaking attached hereto as Exhibit A.  To the extent any of items (i) and/or (iii) are fully disclosed in the curriculum vitae provided under item (ii) of this paragraph, such items need not also be disclosed in a separate form.

21.     **Objecting to Disclosure of Confidential Information to Experts and Consultants**.  Counsel for the Producing Party shall have five (5) business days from receipt of notice in compliance with paragraph 20 to object in writing to disclosure of information designated Confidential (by the Producing Party) to the expert or consultant identified under paragraph 20 of this Protective Order.  If the Producing Party's objection is served within the five (5) -business day period ("Objection Notice"), the Confidential Information shall not be disclosed to the identified outside expert or consultant.  The parties shall promptly meet and confer to resolve the objection, and if the parties are unable to reach any agreement over the disclosure of Confidential Information to the expert or consultant, counsel for the objecting party may subsequently move the Court for an order denying disclosure of any Confidential Information to the outside expert or consultant as to which a notice of objection has been served, in accordance with the procedures set forth in the Court's Scheduling Order for resolution of discovery disputes.  If the objecting party initiates the Court's discovery dispute procedures within (10) business days of the Objection Notice, the Confidential Information shall not be disclosed to the outside expert or consultant until the Court rules or the parties agree that such disclosure may be made.  Failure to initiate the Court's discovery dispute procedures within ten (10) business days of the Objection Notice shall operate as a waiver of the Producing Party's original objection, unless the parties agree in writing to extend this deadline while meeting and conferring regarding the objection.

22.     **Third Party Vendors**. Counsel may use the services of Third Party Vendors to provide services such as document review, electronic discovery support, computerized legal support, and management services for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearing, trials, pleadings, exhibits marked by any party, briefs and accompanying affidavits and appendices,

documents produced by any party, or a party's own attorney work product, all of which may contain Confidential Information. Counsel desiring to disclose Confidential Information to a Third Party Vendor for the purposes of this paragraph shall first obtain a signed Confidentiality Undertaking on the form attached as Exhibit A, from a representative of the vendor who may receive access to such material unless the Third Party Vendor is already subject to a general confidentiality obligation to such counsel. Counsel retaining the vendor shall retain the original of each such signed Confidentiality Undertaking. Service of the Undertaking shall not be required.

   a.    Third Party Vendors shall return to the party's counsel or confirm destruction of all copies of transcripts or other documents containing Confidential Information within 30 days of the conclusion of these Actions, including any appeal.

23.    **Disclosure to Other Individuals**. Disclosure of Confidential Information may be made to individuals not identified in paragraph 18, above, only as follows:

   a.    Confidential Information may be disclosed to any person not otherwise identified in paragraph 18 above as agreed in writing by the party that designated such information Confidential.

   b.    Any party may move the Court for an Order that a person not identified in paragraph 18 above be given access to Confidential Information after first signing an Undertaking in the form of Exhibit A attached hereto. Counsel for the moving party shall retain the original of each such signed Undertaking.

   c.    Confidential Information of a Producing Party may also be disclosed to and/or used to examine, at deposition and at trial (or other court hearing): (i) an individual who either drafted, prepared, authored, executed, received or reviewed the Confidential Information   or who previously had access to or knowledge of the Confidential

Information, as demonstrated on the face of the Confidential Information itself or by foundation testimony elicited during a deposition or at trial; (ii) a currently employed officer, employee or expert of a Producing Party, (iii) a witness designated for the Producing Party under Federal Rule 30(b)(6) concerning any topic to which the Confidential Information is relevant, (iv) the parties stipulate to allow the witness to review the document; and/or (v) upon Order of the Court for good cause shown.

24.    **Confidentiality of Party's Own Documents**.  A party may disclose or use in any manner or for any purpose, any information or documents from that party's own files that the party itself has designated Confidential.

25.    **Inadvertent Disclosure**. If Confidential Information is disclosed or comes into the possession of any person not authorized to receive such information under this Protective Order, the party responsible for the inadvertent disclosure shall: (a) within five business days of becoming aware of such disclosure inform the designating party of all pertinent facts relating to such disclosure, including the identity of the person to whom the inadvertent disclosure was made; (b) use its best efforts to obtain the prompt return of the original and all copies of any such Confidential Information, and to bind such unauthorized person or party to the terms of this Protective Order; (c) within three business days of becoming aware of such disclosure, inform such unauthorized person or party of all provisions of this Protective Order; and (d) request such unauthorized person or party to sign the Confidentiality Undertaking in the form attached hereto as Exhibit A. The executed Confidentiality Undertaking shall be served upon counsel of record for the Producing Party within five business days of its execution by the person or party to whom Confidential Information was disclosed.  The requirements set forth in this paragraph shall not prevent the Producing Party from applying to the Court for further or additional relief.

26. **Filing Under Seal**. Any information designated Confidential Information, if filed with the Court in connection with these Actions, shall be filed under seal in accordance with the Local Rules or practice of the court in which the information is filed and shall be marked in the caption that the material is being filed under seal by adding the marking "**CONFIDENTIAL – FILED UNDER SEAL**" below each case number appearing in the caption. In addition, any document that is to be filed with the Court and that contains or discloses Confidential Information shall be marked "**CONFIDENTIAL – FILED UNDER SEAL**" on its cover page. Material designated Confidential and filed under seal shall be maintained in such manner as provided for by the Court. However, the burden of proving that such document should be sealed shall at all times remain on the party that designated the document Confidential.

27. **Challenging Designations**. The acceptance or receipt by any party of material designated Confidential shall not constitute an admission or concession, or permit an inference that such material is, in fact, Confidential. Any Receiving Party may at any time request that the designating party cancel or modify the confidentiality designation with respect to any document, object, or information. Such request shall be made to counsel for the designating party in writing, and shall particularly identify the designated Confidential Information that the Receiving Party contends is not confidential, and the reasons supporting its contention. If the designating party does not agree to remove the Confidential designation within ten business days after receipt of such a request, then the party contending that such documents or material are not confidential may request by motion that the Court remove such material from the restrictions of this Protective Order in accordance with the procedures set forth in the Court's Scheduling Order for resolution of discovery disputes. On such a motion, the party asserting confidentiality shall have the burden of proving that the material designated Confidential warrants protection under this Protective Order.

28.    **No Expansion of Scope of Discovery**. Nothing in this Protective Order shall be construed to be an implied admission or to affect or govern the scope of discovery in these Actions, or to preclude any party from moving the Court for a further order pursuant to Fed. R. Civ. P. 26(c), or any other provision of the Federal Rules of Civil Procedure. Nothing contained in this Protective Order shall be construed to require production or disclosure of any Confidential Information deemed by counsel for the party possessing such material to be protected from disclosure by the attorney-client privilege or the attorney work- product immunity, or any other privilege or immunity, so long as the withheld materials are identified in the manner required by the Federal Rules of Civil Procedure by the Producing Party. However, this Protective Order shall not prevent the parties from agreeing that certain categories of documents need not be identified, nor shall it prevent one or more parties from seeking relief from the Court if, e.g., identification of individual documents would be unduly burdensome. This Protective Order shall not preclude any party from moving the Court for an order compelling production or disclosure of such material in accordance with the procedures set forth in the Court's Scheduling Order for resolution of discovery disputes.

29.    **New Parties to These Actions**. In the event additional parties join or are joined in these Actions, they shall not have access to information designated Confidential by any other party until (a) the newly joined party or its counsel has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Protective Order, or until (b) an alternative protective order is agreed to by all parties and entered by the Court.

30.    **Miscellaneous**. This Protective Order shall not be construed to prevent any of the parties, or any Third Party, from applying to the Court for relief or further or additional protective orders, or from agreeing between or among themselves to modifications of this Protective Order,

subject to the approval of the Court. The Protective Order shall not preclude the parties from enforcing their rights against any Third Party not associated with these Actions who is believed to be violating their rights.

31.    **Other Proceedings**. By entering into this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as Confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

32.    **Publicly Available Information**. This Protective Order shall not apply to any information of the parties which: (a) the producing or designating party or parties agree(s) should not be designated as Confidential; (b) the producing or designating party or parties agree(s), or the Court rules, is already public knowledge; (c) the producing or designating party or parties agree(s), or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or agents in violation of this Protective Order; or (d) the producing or designating party or parties agree(s), or the Court rules, has come or shall come into the Receiving Party's legitimate knowledge or possession independently of the Producing Party under conditions such that its use and/or public disclosure by the Receiving Party would not violate any obligation to a party these Actions. The restrictions and obligations set forth in this Protective Order shall not prohibit discussion of any material designated Confidential with any person who already has or obtains legitimate possession thereof.

33.    **Survival of Obligations under Protective Order**.   With respect to any information designated Confidential under this Protective Order, the rights and obligations under this Protective Order shall survive the final termination of these Actions to the extent the information in such material is not or does not become known to the public and continues to be binding upon all persons to whom Confidential Information is disclosed hereunder.  Upon final termination of these Actions, the outside counsel of record for each party may retain (a) all deposition transcripts and exhibits thereto, (b) all trial transcripts and trial exhibits, (c) all pleadings and exhibits thereto, (d) all correspondence and exhibits thereto, (e) expert reports, (f) written discovery responses, (g) all court-filed documents and exhibits thereto, and (h) any documents, things, copies and samples to the extent they include or reflect the receiving attorney's work product.

Within ninety (90) days after final termination of these Actions, including any appeal, however, counsel for the Receiving Party shall (i) assemble and return to the Producing Party all other copies and samples of material designated Confidential; or, alternatively (ii) destroy and certify to the Producing Party in writing the destruction thereof.  Accordingly, upon final termination of these Actions, no one other than the outside counsel of record for each party shall retain any copies or samples of any material designated Confidential.  For the avoidance of doubt, this paragraph applies equally to Confidential Information stored electronically, except that a party is not obligated to return or destroy Confidential Information that may be contained on electronic back-up tapes or other archival media, which should be treated in accordance with standard retention policies.

34.    **Waiver or Termination of Order**.  No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel

of record for each designating party, or by an Order of the Court for good cause shown. The termination of employment of any person with access to any Confidential Information shall not relieve such person from the obligation of maintaining the confidentiality of such information in accordance with this Protective Order.

35.    **Modification of Order; Prior Agreements**. This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court. This Protective Order supersedes any agreements between the parties regarding the confidentiality of particular information entered into before the date of this Protective Order.

36.    **Section Captions**. The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

37.    **Days**. All references to "days" in this Order shall be construed as calendar days, unless otherwise specifically indicated.

38.    **Order Applicable Upon Filing with the Court**. Upon filing this Protective Order with the Court, the Parties agree to treat it as "So Ordered," subject to any future modifications by agreement of the Parties or by the Court.

## **STIPULATION**

It is hereby stipulated that the foregoing Stipulated Protective Order may be made and entered by the Court.  It is further stipulated that the Parties will abide by this Stipulated Protective Order from the date of the execution of this Stipulation by counsel for the Parties.  The Parties, through their undersigned counsel, respectfully request the Court to enter this Stipulation as an Order.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Megan E. Dellinger
_____

Megan E. Dellinger (#5739)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mdellinger@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiffs HQ Specialty Pharma
Corp and WG Critical Care, LLC*

MORRIS JAMES LLP

/s/ Kenneth L. Dorsney
_____

Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
3205 Avenue North Boulevard, Suite 100
Wilmington, DE  19803
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendant
Sagent Pharmaceuticals (Inc.)*

SMITH, KATZENSTEIN & JENKINS LLP

/s/ Daniel A. Taylor
_____

Neal C. Belgam (#2721)
Daniel A. Taylor (#6934)
1000 North West Street, Suite 1501
Wilmington, DE  19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Cipla Ltd.
and Cipla USA, Inc*

February 27, 2026

SO ORDERED THIS _____ DAY OF _____, 2026.


_____
The Honorable Maryellen Noreika
United States District Court Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HQ SPECIALTY PHARMA CORP. and WG CRITICAL CARE, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 25-1227 (MN) |
| SAGENT PHARMACEUTICALS (INC.), | ) ) | **ANDA CASE** |
| Defendant. | ) ) | |
| HQ SPECIALTY PHARMA CORP. and WG CRITICAL CARE, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 25-1236 (MN) |
| CIPLA LTD. and CIPLA USA, INC., | ) ) | **ANDA CASE** |
| Defendants. | ) ) | |

**CONFIDENTIALITY UNDERTAKING**

I, _____, state that:

    (a)    My present residential address is _____ _____.

    (b)    My present employer is _____ _____ and the address of my present employer is _____.

    (c)    My present occupation or job description is _____ _____.

    (d)    I have received and carefully read the Stipulated Protective Order (the "Order") in the above-captioned case. I certify that I understand the terms of that Order, recognize that I am bound by the terms of that Order, and agree to comply with those terms. I will hold in confidence and not disclose to anyone not qualified under the Order any Confidential Information, or any summaries, abstracts or indices of any Confidential Information, that is disclosed to me or that I prepare. Further, I understand that unauthorized disclosure of any designated CONFIDENTIAL

Information, or its substance, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

(e)     Upon conclusion of the above-captioned Action, including appeal, I will return to outside counsel or destroy all CONFIDENTIAL Information – and any summaries, abstracts and indices thereof, and documents or materials that I received or prepared relating thereto – in my possession to outside counsel for the party for whom I was employed, retained or acted as witness.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Print Name:_____

Signature:_____

Dated:_____

2